UNITED STATES v. KWONG YUEN SHING (NO. 8).[1]

LEGUMES—YAMS.

A leguminous plant of the genus *Pueraria*, grown in China; though occasionally designated a "yam" in commerce, such designation is not definite, uniform, and general. The plant is not a yam, and was dutiable under paragraph 257, tariff act of 1897.

## United States Court of Customs Appeals, June 22, 1910.

TRANSFERRED from the United States Circuit Court of Appeals, Second Circuit (T. D. 30145).

[Affirmed.]

*D. Frank Lloyd,* Assistant Attorney General (*Thomas M. Lane* on the brief), for the United States.

*Joseph G. Kammerlohr* (*John Giblon Duffy* on the brief) for appellee.

Before MONTGOMERY, HUNT, SMITH, BARBER, and DE VRIES, Judges.

BARBER, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the Circuit Court of the Southern District of New York, reversing the decision of the Board of General Appraisers, and is transferred to this court from the United States Circuit Court of Appeals for the Second Circuit.

The Board of General Appraisers held that the merchandise, which was invoiced as "yams" and is a vegetable, was properly assessed by the collector at 25 per cent ad valorem under paragraph 257 of the tariff act of 1897, which reads: ·

257. Vegetables in their natural state, not specially provided for in this act, twenty-five per centum ad valorem.

The importer claims these vegetables are entitled to free entry as "yams" as specifically exempted under paragraph 704 of the tariff act, and the circuit court upon the evidence given before the board so held.

The evidence shows that scientifically speaking the vegetable in question is not a yam, but is a leguminous plant of the genus *Pueraria*, while a yam, as scientifically described, generally belongs to the genus *Dioscoreacea*. Some authorities, however, classify it under the genus *Convolvulaceae*. Neither of these classifications is synonymous with the genus *Pueraria*.

It also appears that by transference the term "yam" is sometimes applied to a variety of sweet potato, but this would not include the vegetable under consideration.

The importer claims that, although this vegetable it not a true yam, yet by a long and general commercial designation it is a yam within the meaning of the act, and as such entitled to be admitted free of duty.

---

[1] Reported in T. D. 30773 (19 Treas. Dec., 778).

The article being a vegetable in its natural state, it is, unless otherwise specially provided for, prima facie dutiable under paragraph 257, and the burden of showing that it is not dutiable is cast upon the importer. United States *v.* Rosenwald (67 Fed. Rep., 323); Arthur *v.* Unkart (96 U. S., 118); Erhardt *v.* Schroeder (155 U. S., 124); United States *v.* Ranlett and Stone (172 U. S., 133). The burden, therefore, is upon him to show that by commercial designation the term yam as used in the tariff law includes the merchandise in question.

It is pertinent, then, to inquire what is a commercial designation in a legal sense.

This is aptly defined by the Supreme Court of the United States to be "the result of established commercial usage in commerce and trade" and that the commercial usage "must be definite, uniform, and general and not partial, local, or personal." Maddock *v.* Magone (152 U. S., 368); Berbecker *v.* Robertson (152 U. S., 373).

Tested by the above rule, does the importer establish his case by the record here?

Two witnesses testified on behalf of the importer. Both had been importers of foods, including vegetables like the merchandise in question, from China for from 14 to 16 years, and had sold such importations all over the States, although the business of one was more generally confined to New York City and vicinity. One expressly said that he sold only to Chinese, and the fair inference from the testimony of the other witness is to the same effect. These vegetables were customarily described on the importer's original invoices by a Chinese character which is properly translated by the words "Fun got," which means a flower or a root out of which flour is made. Both witnesses agreed that in the transaction of sale and purchase of this vegetable amongst the Chinese it was ordinarily referred to by the said Chinese character or name, although sometimes referred to as "yam."

From the most favorable construction to be given it we think the evidence does not establish the commercial designation within the rule set forth in Maddock *v.* Magone (supra).

We are of the opinion that the commercial usage, so far as any is proven, is not definite, uniform, and general. It is limited, so far as it exists at all, to one class—the Chinese—and as to them it is neither uniform nor general. A consideration of the evidence on the part of the Government, which we think it unnecessary to discuss, only serves to emphasize this conclusion.

The case of Dieckerhoff *v.* Robertson (44 Fed. Rep., 160), relied upon by the importer to sustain his argument that the trade and commerce of this country is the trade which buys and sells the particular article, is not opposed to our conclusion, because, as pointed

out, the record here wholly fails to establish the proposition that the Chinese dealers themselves either uniformly or generally designate this vegetable as a "yam."

In our opinion, the circuit court was not warranted, upon the evidence, in holding that the merchandise was entitled to free entry.

The judgment of the circuit court is reversed, and the decision of the Board of General Appraisers is *affirmed*.